## No. 11,976.

### SMITH *v.* THE PEOPLE.

#### Decided January 9, 1928.

Plaintiff in error was convicted of unlawful possession of intoxicating liquor.

### *Affirmed.*

### *On Application for Supersedeas.*

1. INTOXICATING LIQUOR—*Sufficiency of Evidence.* In a prosecution for unlawful possession of intoxicating liquor, evidence held sufficient to sustain a conviction.

2. *Evidence.* In a prosecution for unlawful possession of intoxicating liquor, testimony of the wife of defendant that she neither phoned an officer nor talked with him personally, that she did not know of defendant drinking on the day of the search, and knew of no drinking in the room where liquor was found, held competent and material.

3. APPEAL AND ERROR—*Evidence—Admission—Harmless Error.* Error in the admission of evidence is harmless where it is clearly immaterial and not prejudicial.

*Error to the County Court of Fremont County, Hon. Kent L. Eldred, Judge.*

Mr. GEORGE H. WILKES, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. WILLIAM W. GAUNT, Assistant, for the people.

*Department One.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was adjudged guilty, in justice of the peace court, of the unlawful possession of intoxicating liquor. He appealed to the county court where he was tried before a jury with the same result and was fined $150 and costs. To review that judgment he brings error and asks that the writ be made a supersedeas.

The questions raised here are most conveniently considered under two heads: (1) The sufficiency of the evidence; (2) the admissibility of certain testimony.

1. Defendant ran a pool hall. On the floor above were seven rooms. Three of these he and his family occupied as their dwelling, the others they rented for light housekeeping. Room No. 3 in question had been rented for about two weeks. The tenant had moved out on Thursday and defendant knew it. The liquor in question was found in that room on the Saturday following. Defendant disclaimed ownership, possession and knowledge. The officers made their search under a warrant and in company with defendant. The latter acquiesced until room No. 3 was reached, when he protested, demanded a reading of the warrant, rushed for his gun, and threatened to use it. At the time he gave as his excuse for this conduct that the room was then occupied by his sleeping tenant whom he was bound to protect. That defendant was then in possession of the room and the liquor, and that his peculiar conduct was in fact prompted by guilty knowledge, may have been an extraordinary presump-

tion, but we must say the jurors were entitled to draw it and we are bound to assume they did. The evidence not only supports the verdict but justifies no other.

2. Defendant's wife was called as a witness in his behalf. There was nothing material in her direct examination. On cross-examination she testified, without objection, that she neither 'phoned the officer on that Saturday evening nor talked with him personally; that she did not know of defendant drinking that day; and that she knew of no drinking going on in that room. All of this was competent and material. It was not cross-examination, but no objection was made on that ground. She was asked, "Had you been troubled with drinking going on in this establishment?" That question was objected to as immaterial and incompetent. The objection was overruled. Her answer was, "I don't know as I was troubled." If the objection was good the answer clearly shows no prejudice.

On rebuttal an officer was called who, over defendant's objection, testified that Mrs. Smith had called him on the 'phone that evening, told him that she was talking from Osborne's drug store, arranged to see him, and when he went to the building met him "upstairs in the hallway and she told me." In the people's case in chief this witness had testified that he had received a 'phone call in response to which he had made the visit and the search. It is clear that an attempt was being made to show, by way of rebuttal or impeachment, that defendant's wife had made the complaint, and on the arrival of the officers had directed them by word or gesture to the particular room where the liquor was kept. If this testimony was subject to such objections as were made to it, it is clear that so much of it was ruled out by the court as to render the portion admitted entirely unprejudicial. In fact all of the testimony of Mrs. Smith, on direct and cross-examination, as well as the testimony of the officer on rebuttal, may well be disregarded. It adds nothing to the prosecution or the defense.

Finding no prejudicial error in the record the judgment is affirmed.

MR. JUSTICE DENISON, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.